# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBERT K. AMINE,

    Plaintiff(s),

v.

ANDREW SAUL,

    Defendant(s).

Case No.: 2:17-cv-02523-NJK

**ORDER**

On January 21, 2020, this case was reassigned to the undersigned magistrate judge, pursuant to the parties' consent to the undersigned being the sole judicial officer assigned to the case. *See* General Order 2019-08 (D. Nev. Dec. 3, 2019); *see also* 28 U.S.C. § 636(c). This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits pursuant to Titles II and XVI of the Social Security Act. Currently before the Court is Plaintiff's Motion for Reversal and/or Remand. Docket No. 17. The Commissioner filed a response in opposition and a cross-motion to affirm. Docket No. 18. No reply was filed. *See* Docket.

**I.  STANDARDS**

    A.  Judicial Standard of Review

The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. *Id.* To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). Substantial evidence is "more than a mere scintilla," which equates to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, ___ U.S. ___, 139 S. Ct. 1148, 1154 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id.* In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the Administrative Law Judge ("ALJ") to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

B. <u>Disability Evaluation Process</u>

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must

demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  More specifically, the individual must provide "specific medical evidence" in support of his claim for disability. *See, e.g.*, 20 C.F.R. § 404.1514.  If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920).  If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. § 404.1520(a)(4).  The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b).  SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit.  20 C.F.R. § 404.1572(a)-(b).  If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. § 404.1520(c).  An impairment or combination of impairments is not severe when medical and other evidence does not establish a significant limitation of an individual's ability to work. *See* 20 C.F.R. §§ 404.1521, 404.1522.  If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20

C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(d). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity. 20 C.F.R. § 404.1520(e). The residual functional capacity is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. Social Security Rulings ("SSRs") 96-8p.[1] In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529. To the extent that statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must evaluate the individual's statements based on a consideration of the entire case record. SSR 16-3p. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527.

The fourth step requires the ALJ to determine whether the individual has the residual functional capacity to perform his past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565. If the individual has the residual functional capacity to perform his past work, then a finding of not disabled is made. If the

---

[1] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Id.*

4

individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1520(g). If the individual is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

## II. BACKGROUND

### A. Procedural History

On May 22, 2014, Plaintiff filed an application for disability insurance benefits, alleging a disability onset date of October 26, 2013. A.R. 189–90. On May 23, 2014, Plaintiff applied for supplemental security income benefits, also alleging a disability onset date of October 26, 2013. A.R. 191–207. Plaintiff's claims were denied initially on August 15, 2014, and upon reconsideration on December 4, 2014. A.R. 114–119, 125–135. On January 12, 2015, Plaintiff filed a request for a hearing before an ALJ. A.R. 136–137. On March 17, 2016, Plaintiff, Plaintiff's counsel, a vocational expert, and Plaintiff's wife appeared for a hearing before ALJ Christopher Daniels. A.R. 40–60. On April 13, 2016, the ALJ issued an unfavorable decision finding that Plaintiff has not been under a disability, as defined by the Social Security Act, through the date of the decision. A.R. 24–39. On August 7, 2017, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. A.R. 1–7.

On September 28, 2017, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c). *See* Docket No. 1. On January 21, 2020, this case was reassigned to the undersigned, pursuant to the parties' consent to the undersigned being the sole judicial

officer assigned to the case. *See* General Order 2019-08 (D. Nev. Dec. 3, 2019); *see also* 28 U.S.C. § 636(c).

B. The Decision Below

The ALJ's decision followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. A.R. 27–34. At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2014, and has not engaged in substantial gainful activity since October 26, 2013. A.R. 29. At step two, the ALJ found that Plaintiff has the following severe impairments: obsessive-compulsive disorder ("OCD") and depressive disorder ("DD"). A.R. 29. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 29–30. The ALJ found that Plaintiff has the residual functional capacity to perform:

> a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is able to perform unskilled work requiring no more than occasional interaction with coworkers, supervisors, and the general public; he is able to adapt to changes consistent with unskilled work, but is unable to perform assembly line work.

A.R. 31–34. At step four, the ALJ found that Plaintiff is capable of performing past relevant work as an auto parts worker, kitchen assistant, and bakery helper. A.R. 34. Based on all of these findings, the ALJ found Plaintiff not disabled through the date of the decision. A.R. 34.

**III. ANALYSIS AND FINDINGS**

Plaintiff raises two issues on appeal, submitting that the ALJ erred in giving little weight to treating physician Dr. Anuranjan Bist's opinion and in rejecting Plaintiff's subjective symptom testimony. Docket No. 17 at 5–11. The Court discusses these issues in turn.

**A. Dr. Bist's Opinion**

Plaintiff submits that the ALJ's reasoning for rejecting Dr. Bist's opinion is not supported by substantial evidence. Docket No. 17 at 5–7. The Commissioner responds that the ALJ gave good reasons supported by substantial evidence for assigning less weight to Dr. Bist's opinion. Docket No. 18 at 5–7. The Commissioner has the better argument.

A treating physician's medical opinion as to the nature and severity of an individual's impairment is entitled to controlling weight when that opinion is well-supported and not inconsistent with other substantial evidence in the record. *See, e.g.*, *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001). Even when not controlling, such opinions are entitled to deference and must be weighed properly pursuant to applicable regulations. *See, e.g.*, *id.* Nonetheless, the opinion of a treating physician is not necessarily conclusive as to the existence of an impairment or the ultimate issue of a claimant's disability. *See, e.g.*, *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002). If a treating doctor's opinion is contradicted by another doctor, the ALJ may reject the treating doctor's opinion by providing "specific and legitimate reasons" supported by substantial evidence in the record. *See, e.g.*, *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Similarly, if a treating doctor's opinion is contradicted by the record, the ALJ may reject the treating doctor's opinion by providing "specific and legitimate reasons" supported by substantial evidence in the record. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). An ALJ may also reject check-box forms that do not contain any explanation of the bases of their conclusions. *Sackett v. Berryhill*, 2019 WL 1787337, at *11 (D. Nev. Apr. 24, 2019).

Dr. Bist opined in a check-box form that Plaintiff's mental-health symptoms will interfere with his capacity for competitive employment and his ability to retain employment, as he has obscure thoughts, lacks focus, and is easily distracted. A.R. 340. Dr. Bist also opined that Plaintiff would miss more than four days a month from work due to his psychologically based symptoms. A.R. 342. The ALJ gave Dr. Bist's opinion little weight because "it is not supported by or consistent with the objective medical evidence, or record as a whole . . . [and] greatly overstates the severity of [Plaintiff's] symptoms and limitations." A.R. 33.

In so finding, the ALJ considered Dr. Bist's notes, Dr. Maria Doncaster's opinion, and the state DDS agency psychological consultants' opinions. *See* A.R. 32–34. First, Dr. Bist's examination notes for Plaintiff contain opinions that Plaintiff had normal mental status on several metrics. A.R. 327, 329, 345, 350, 352. In May 2014, Dr. Bist assigned Plaintiff a normal GAF score. A.R. 330. Further, in February 2015, Dr. Bist found that Plaintiff had good judgment and insight, intact normal thought processes, and attention, concentration, and memory "WNL" (i.e.,

within normal limits). A.R. 352. Second, Dr. Doncaster, who conducted a consultative psychological examination of Plaintiff in July 2014, opined that Plaintiff could understand, remember, and carry out complex, detailed, and simple one- or two-step instructions; that Plaintiff could carry out detailed and simple instructions on a sustained basis; and that Plaintiff may be able to get along with authority figures and peers. A.R. 335–36. Because Dr. Doncaster examined Plaintiff, her opinion alone constitutes substantial evidence. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (citations omitted). Finally, the state DDS agency psychological consultants opined that Plaintiff had no severe medically determinable impairments. A.R. 72–80, 95–105. The consultants explained their opinions and their opinions discuss and track Dr. Doncaster's assessment; therefore, their opinions properly constitute substantial evidence. *See* 20 C.F.R. § 404.1527(c)(3); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). Therefore, the Court finds that the ALJ's decision to give Dr. Bist's opinion less weight is proper and supported by substantial evidence. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Accordingly, the Court finds that the ALJ did not err in assigning less weight to the opinion of Dr. Bist.

**B. Plaintiff's Subjective Symptom Testimony**

Plaintiff next submits that the ALJ failed to give clear and convincing reasons for discounting his testimony. Docket No. 17 at 7–11. The Commissioner responds that the ALJ gave sufficient reasons supported by substantial evidence for rejecting Plaintiff's subjective symptom testimony. Docket No. 18 at 7–9. The Commissioner has the better argument.

The ALJ is required to engage in a two-step analysis to evaluate a claimant's testimony as to his pain and other symptoms: (1) determine whether the individual presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of pain or other symptoms alleged; and (2) if so, whether the intensity and persistence of those symptoms limit an individual's ability to perform work-related activities. *See* SSR 16-3p. In the absence of evidence of malingering, an ALJ may only reject the individual's testimony about the severity of symptoms by giving specific, clear, and convincing reasons. *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). Factors that an ALJ may consider include inconsistent daily activities, an inconsistent treatment history, and other factors concerning an individual's functional limitations.

*See* SSR 16-3p. If an ALJ's determination to discount this testimony is supported by substantial evidence, the courts should not second-guess that determination. *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012).

Plaintiff alleges disability due to OCD and generalized anxiety disorder. A.R. 223, 314. Plaintiff testified that he had not worked since 2013 and had been fired many times for poor job performance or having problems with customers or supervisors. A.R. 44–47. Plaintiff also testified that he is on edge, gets easily distracted, and has to go back and repeat steps until it "feels right" while he walks. A.R. 46–47. Plaintiff further testified that, though he had been prescribed medication in the past, he was not currently taking any. A.R. 47. Plaintiff additionally testified that he had not had health insurance since 2011 and that his lack of insurance caused him not to be able to afford treatment or medication. A.R. 52. At bottom, Plaintiff testified that he is distracted 90% of the day by his OCD episodes, each lasting from 30 seconds to a couple of hours. A.R. 49.

The ALJ found that Plaintiff's statements about the intensity, persistence, and limiting effects of his symptoms were inconsistent with the medical evidence of record. A.R. 32. As noted above, the ALJ found that Dr. Bist's findings of normal mental status undermine a claim of disabling symptoms to the extent that Plaintiff testified. A.R. 32–33. Further, the ALJ found that the opinions of Dr. Doncaster and the state DDS agency psychological consultants, as discussed above, also undermine Plaintiff's testimony as to the extent of his disabling symptoms. A.R. 33. Additionally, the record clearly demonstrates that Plaintiff treated with Dr. Bist and obtained medication during the period of time he was not insured. A.R. 326–327, 328–330, 344–345, 349–350, 351–352.

In evaluating a claimant's testimony regarding his pain and other symptoms, it is proper for the ALJ to consider evidence from medical sources that have and have not treated the claimant. SSR 16-3p(2)(b). Therefore, the Court finds that the reasons given by the ALJ for rejecting Plaintiff's subjective symptom allegations are specific and legitimate and are supported by substantial evidence, and constitute appropriate reasons for rejecting pain and limitation testimony. *See Burch*, 400 F.3d at 679. Accordingly, the Court finds that the ALJ did not err in rejecting Plaintiff's subjective symptom allegations.

## IV. CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Motion for Reversal and/or Remand (Docket No. 17) and **GRANTS** Commissioner's Cross-Motion to Affirm (Docket No. 18). The Clerk's Office is instructed to **ENTER FINAL JUDGMENT** accordingly and to **CLOSE** this case.

Dated: January 22, 2020

_____
Nancy J. Koppe
United States Magistrate Judge